# IN THE UNITED STATES DISTRICT COURT
# EASTER DISTRICT OF MISSOURI

| | |
|---|---|
| ROBERT PENDERGRASS ET AL. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-01092-NCC |
| ) | |
| BI-STATE UTILITIES CO. ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

28 U.S.C. § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." In the Eighth Circuit, if § 1445(c) applies, "**a case is nonremovable even if it presents a federal question or there is diversity**." Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1245 (8th Cir.1995) (emphasis added). Abiding by this clear precedent, in Wood v. American Residential Services, L.L.C., 4:11cv00278HEA, 2011 WL 1660564 at *2 (E.D. Mo. May 3, 2011) this Court – the Honorable District Judge Henry Edward Autrey presiding – remanded the entire Wood case, which included diverse parties and a federal question (under the Fair Labor Standards Act).

In so holding, Judge Autrey explained that notwithstanding the diversity and the Wood plaintiffs alleging a claim under the Fair Labor Standards Act, "because Plaintiffs allege a state law claim including a violation under Missouri's worker's compensation laws…Plaintiffs' retaliatory discharge claim should not be removed regardless of whether the Court has proper subject matter jurisdiction."

- 2 -

Wood and the case *sub judice* are on all fours. Here, just as in Wood, Plaintiffs have alleged several state law claims and one under the Fair Labor Standards Act. And here, just as in Wood, Plaintiff Pendergrass has alleged a claim under Missouri's Workers' Compensation laws. Accordingly, this Court should remand this Case back to St. Louis County Circuit Court and award Plaintiffs their reasonable attorney's fees, costs, and expenses incurred pursuant to §1447(c).

I. **PERTINENT BACKGROUND**

This Case was filed on May 17, 2018, in the Circuit Court of St. Louis County by three Missouri residents against Defendant Bi-State Utilities Co. – a Missouri corporation with its principal place of business in St. Louis County, Missouri. It contains five Causes of Action: Count I alleges a failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"); Count II alleges a failure to pay overtime wages in violation of Missouri's wage and hour laws; Counts III and IV are for Quantum Meruit and Unjust Enrichment and relate to the failure to pay overtime wages; and finally, in Count V, Plaintiff Robert Pendergrass alleges Workers' Compensation Retaliation under Mo. Rev. Stat. § 287.780.

On July 5, 2018, contrary to this Court's clear precedent, Defendant removed this Case to this Court. As a result, this Court is now presented with a lawsuit between Missouri residents and a Missouri corporation where four of the five claims are brought under state law – one of which is Workers' Compensation Retaliation under Mo. Rev. Stat. § 287.780 and is categorically nonremovable.

II. **LEGAL STANDARD**

According to Eighth Circuit precedent, removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. Nichols v.

Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002). Any doubts about the propriety of removal are resolved in favor of remand. Wood, 2011 WL 1660564 at *1.

**III. ARGUMENT**

    A. Section 28 U.S.C. § 1445(c) Applies to This Case; Thus, it is Nonremovable Despite Presenting a Federal Question

It bears repeating that 28 U.S.C. § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." And in the Eighth Circuit, if § 1445(c) applies, "**a case is nonremovable even if it presents a federal question or there is diversity**." Humphrey, 58 F.3d at 1245. Here, it is without question that Count V – Workers' Compensation Retaliation under Mo. Rev. Stat. § 287.780 – arises under the workmen's compensation laws of Missouri and may not be removed under § 1445(c). It therefore follows that this Case is nonremovable even though it presents a federal question (a claim under the Fair Labor Standards Act).[1]

As noted above, this Court has been presented with facts virtually identical to those at issue here. In Wood, three former employees of the defendants brought suit in the Circuit Court of St. Louis County. 2011 WL 1660564 at *1. The plaintiffs alleged three counts: (1) Count I—Wrongful Termination—Public Policy Exception; (2) Count II—Retaliatory Discharge in Violation of the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*; and (3) Count III—Retaliatory Discharge and Discrimination—Mo. Rev. Stat § 287.780. Id. Defendants removed the Case to this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1441(c). Id.

Notwithstanding the presence of the Fair Labor Standards Act claim, this Court remanded the entire Wood case, holding that "while Plaintiffs' Count II [ ] presents a federal question claim

---

[1] Defendant does not argue – nor can it – that it meets the diversity requirements necessary for jurisdiction under 28 U.S.C. § 1332.

under the [Fair Labor Standards Act], and there is diversity jurisdiction amongst the parties, our circuit has held that if § 1445(c)applies, a case is not removable even if it holds a federal question or diversity.  Id. at *2.  Judge Autrey explained that despite Plaintiffs alleging both state law and federal question claims, "because Plaintiffs allege a state law claim including a violation under Missouri's worker's compensation laws…Plaintiffs' retaliatory discharge claim should not be removed regardless of whether the Court has proper subject matter jurisdiction."  Importantly, he noted that "**[a]lthough the Court is remanding a case that contains a federal question, judicial economy warrants in favor of allow the state court to deal with all of the claims together**."  Id. at n. 2 (citing Burris v. Zale Delaware, Inc., 09-6099-CV-SJ-FJG, 2009 WL 3762987 (W.D. Mo. Nov. 10, 2009)).

Here, just as in Wood, Plaintiffs have alleged several state law claims and one under the Fair Labor Standards Act; Plaintiff Pendergrass has alleged a claim under Missouri's Workers' Compensation laws; and just as in Wood, judicial economy warrants in favor of allowing the state court to deal with all of the claims (four out of five being state law claims between Missouri litigants) together.  Accordingly, this Court should remand this Case back to St. Louis County Circuit Court.

> B.  Defendant Ignored the Plain Language of § 1441(c)(2) and This Court's Holding in Wood; This Entire Case Should be Remanded

As Defendant correctly notes in its Notice of Removal (Dkt., 5 at Ex. A. p. 7-8), § 1441(c)(1) provides that if a Case includes

> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action **may** be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1441(c)(1) (emphasis added). What Defendant ignores, however, is that § 1441(c)(2) goes on to explicitly state that

> Upon removal of an action described in paragraph (1), **the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed**.

28 U.S.C. § 1441(c)(2) (emphasis added). Therefore, under the clear language of § 1441(c), and contrary to Defendant's contention that "removal of Plaintiff Pendergrass's claim under Missouri's Workers' Compensation Law is proper…," (Dkt., 5 at Ex. A. p. 8), this Court must remand Plaintiff Pendergrass's claim for Workers' Compensation Retaliation.

Defendant also ignores the discretion § 1441(c)(1) affords this Court. Indeed, the statute states that this Court "**may**" remove the other claims of this Case. It does not say it shall or must. Compare 28 U.S.C. § 1441(c)(1)(A) with 28 U.S.C. § 1441(c)(2). Using this discretion, this Court has expressly declined to remove claims accompanying one under Missouri's Workers' Compensation laws, holding:

> because Plaintiffs allege a state law claim including a violation under Missouri's worker's compensation laws…Plaintiffs' retaliatory discharge claim should not be removed regardless of whether the Court has proper subject matter jurisdiction.

2011 WL 1660564 at *2. See also Humphrey, 58 F.3d at 1245 (In the Eighth Circuit, if § 1445(c) applies, "a case is nonremovable even if it presents a federal question or there is diversity."). Judge Autrey explained this decision, holding that "[a]lthough the Court is remanding a case that contains a federal question, judicial economy warrants in favor of allow the state court to deal with all of the claims together." Id. at n. 2.

Therefore, this entire case should be remanded to the Circuit Court of St. Louis County.

C. <u>Plaintiffs Should Be Awarded Reasonable Attorney's Fees, Costs, and Expenses</u>

28 U.S.C § 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award such fees only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). Critically, a party lacks an "objectively reasonable" basis for removal "where the relevant case law forecloses the removing party's basis for removal." <u>Mid-Am. Freight Logistics, LLC v. Walters Trucking, Inc.</u>, No. 4:17CV1762 SNLJ, 2017 WL 4778570, at *2 (E.D. Mo. Oct. 23, 2017) (emphasis added) (citing <u>Napus Fed. Credit Union v. Campbell</u>, 4:10CV1403MLM, 2010 WL 3581963, at *5 (E.D. Mo. Sept. 7, 2010), *aff'd*, 419 Fed. Appx. 696 (8th Cir. 2011)).

Here, this Court's opinion in <u>Wood</u> directly forecloses Defendant's basis for removal; a reference to <u>Wood</u>, however, was never made in Defendant's Notice of Removal. As such, Defendant lacked an objectively reasonable basis for seeking removal, and Plaintiffs should be awarded reasonable attorney's fees, costs, and expenses incurred as a result of the removal.

**IV.   CONCLUSION**

This case contains a claim under Missouri's Workers' Compensation laws. It is therefore nonremovable and should be remanded. And because this Court's opinion in <u>Wood</u> forecloses Defendant's basis for removal, Plaintiffs should be awarded reasonable attorney's fees, costs, and expenses incurred as a result of the removal.

- 7 -

        Respectfully submitted,

        **HKM Employment Attorneys LLP**

        By   */s/ S. Cody Reinberg*
        S. Cody Reinberg, MO - 66174
        9666 Olive Blvd., Suite 202A
        St. Louis, Missouri 63132
        314-391-9557
        creinberg@hkm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed via the Court's electronic filing system on this 10th day of July 2018, which provided notice to:

Alexis M. Gabrielson
Johnny S. Wang
STINSON LEONARD STREET LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Johnny.wang@stinson.com
Alexis.gabrielson@stinson.com

        */s/ S. Cody Reinberg*