**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT PENDERGRASS, ERIC KOECHLING, and JAMES PATTON<br><br>  Plaintiff,<br><br>v.<br><br>BI-STATE UTILITIES CO.,<br><br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 4:18-cv-01092-NCC |

# DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendant Bi-State Utilities Co. ("Defendant" or "Bi-State") removed this action to this Court from the Circuit Court of St. Louis County, Missouri. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and supplemental jurisdiction pursuant to § 1367(a).[1] Plaintiffs now assert that this action must nevertheless be remanded because Pendergrass's fifth cause of action arising under Missouri's workmans' compensation laws is a "nonremovable claim" under § 1445(c). Plaintiffs are mistaken, and their arguments improperly rely on cases decided prior to the 2012 amendments to § 1441(c) of the Federal Rules of Civil Procedure. Under § 1441(c)(1), if the action would otherwise be removable under §1331 without the inclusion of a claim made nonremovable by statute (such as a claim arising under workers' compensation laws), then the entire action may be removed. Upon removal, however, § 1441(c)(2) requires the district court to "sever from the action" all claims rendered nonremovable by statute, and then "remand the

---

[1] All sections refer to United States Code Chapter 28 unless otherwise noted.

severed claims to the state court from which the action was removed." 28 U.S.C. § 1441(c).

Therefore, because removal to federal court was proper, (1) the Plaintiffs' motion should be denied; (2) the Court should retain original jurisdiction over Plaintiffs' FLSA claim and retain supplemental jurisdiction over Plaintiffs' Missouri state law wage and hour claim, Quantum Meruit claim, and Unjust Enrichment claim; and (3) the Court should sever and remand to state court *only* Plaintiff Pendergrass's fifth cause of action for retaliation arising under Missouri's workers' compensation laws.

## ARGUMENT

**I.     This Court Has Federal Question Jurisdiction Over Plaintiffs' FLSA Claim and Supplemental Jurisdiction Over Plaintiffs' Unjust Enrichment, Quantum Meruit, and Missouri Wage and Hour Claims.**

A defendant may remove any civil action filed in a state court of which this Court has original jurisdiction. 28 U.SC. § 1441(a). Original jurisdiction in this case exists by reason of 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 201 *et seq.*, in that Plaintiffs' claims arise under the FLSA, a law of the United States. *Chapman v. Washington University*, 2013 WL 618153, at *2 (E.D. Mo. Fe. 19, 2013) (FLSA claims are properly removed because district court has original jurisdiction over FLSA claims). Indeed, "the presence of even one federal claim gives the defendant the right to remove the entire case to federal court." *Gaming Corp. of Am. V. Dorsey & Whitney*, 88 F.3d 536, 543 (8th Cir. 1996).

Plaintiffs also assert a claim under the Missouri Minimum Wage Law (Mo. Rev. Stat. § 290.500 *et seq.*), as well as common law claims for Quantum Meruit and Unjust Enrichment (the "state law wage claims"). Plaintiffs' state law wage claims are based upon the same conduct allegedly giving rise to their FLSA claim – namely, Bi-State's purported failure to pay overtime

2

compensation.  *See* Compl. ¶¶ 49-80.[2]  The Court will have supplemental jurisdiction over the state law wage claims under § 1367(a) if these claims are so related to the FLSA claim that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  In other words, to establish supplemental jurisdiction, "the claims within the action must derive from a common nucleus of operative fact."  *Herbst v. Ressler & Assoc., Inc.*, 2014 WL 4205294, at *3 (E.D. Mo. Aug. 22, 2014).

Here, Plaintiffs' state law wage claims derive from the same common nucleus of operative fact as their FLSA claim "if the claims are such that [they] would ordinarily be expected to try them all in one judicial proceeding."  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007) (quoted case omitted).  In order to prove their FLSA claim, Plaintiffs will need to show that they performed overtime work for which they were not paid. This showing will necessarily require an analysis of how much time the Plaintiffs worked, and how much of their total work time was properly compensated.  Similarly, Plaintiffs' claim under Missouri's wage and hour laws (Mo. Rev. Stat. § 290.500 *et seq.*) for failing to pay overtime wages will require a similar showing: again, evidence that Plaintiffs performed overtime work for which they were not paid.  *See* Compl. ¶¶ 59-64.

Likewise, Plaintiffs' Quantum Meruit claim alleges that Bi-State was "unjustly enriched" through the inequitable retention of benefits (work) conferred on it by Plaintiffs, and that Plaintiffs are entitled to damages "equal to all unpaid wages due."  Compl. ¶¶ 68-72.  In addition, Plaintiffs allege in support of their Unjust Enrichment claim that they have "conferred benefits on Bi-State in the form of unpaid labor," and that Plaintiffs are "entitled to damages equal to all unpaid wages due."  Compl. ¶¶ 75-79.  In order to show that Bi-State was "unjustly enriched" or

---

[2] A copy of the Complaint is available at Doc. # 1-1, filed with Bi-State's Notice of Removal as "Exhibit A" on July 5, 2018.

3

that Plaintiffs are entitled to unpaid wages as damages in support of these Unjust Enrichment and Quantum Meruit claims, Plaintiffs will again have to show that they performed overtime work for which they were not paid.  Because all of these state law wage claims raise "similar factual and legal issues to the FLSA claim" and all require a "determination of whether [Plaintiffs] actually worked when [they] claim to have worked, and what was paid," these claims share a common nucleus of operative fact with the FLSA claim.  *See Herbst*, 2014 WL 4205294 at *4 (in FLSA case, exercising supplemental jurisdiction over state law tort claims requiring similar proof of overtime work as FLSA claim).  Since analysis of these claims would require similar witnesses, evidence, and inquiry into the number of hours worked, it would be a waste of judicial resources to try these state law claims separately from the FLSA claim.  *Chaluisan v. Simsmetal East LLC*, 698 F. Supp. 2d 397, 403 (S.D.N.Y. 2010).

   Therefore, supplemental jurisdiction over Plaintiffs' state law wage claims is proper, and these claims were appropriately removed along with the FLSA claim.  *See* 28 U.S.C. §§ 1367(a), 1441(a); *Perrin v. Papa John's Intern., Inc.*, 114 F. Supp. 3d 707, 731 n.11 (E.D. Mo. 2015) (court properly exercised original jurisdiction over FLSA claim and supplemental jurisdiction over five other claims asserted under state minimum wage laws from five different states).  In contrast, Plaintiff Pendergrass's fifth cause of action for retaliation arising under Missouri's workers' compensation laws arises from a completely different set of facts related to denial of compensation for workplace injuries and retaliation for allegedly exercising rights under the workers' compensation laws.  *See* Compl. ¶¶ 10-20, 82-86.  Unlike the state law wage claims, resolution of this cause of action will not depend upon an assessment of hours worked and total compensation paid, and will require different evidence, witnesses and documents to prove the

required elements. Thus, the Court should not exercise supplemental jurisdiction over Plaintiffs' fifth cause of action for retaliation arising under Missouri's workers' compensation laws.

**II.     When a Claim Arising Under Federal Law is Joined with a Claim that has been made Nonremovable by Statute, the Entire Action May Be removed, and the District Court Must Sever and Remand the Nonremovable Claim.**

As outlined above, this Court has original jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331 and the FLSA, and supplemental jurisdiction over Plaintiffs' state law wage claims. *See* 28 U.S.C. §§ 1367(a), 1441(a). However, as stated in Bi-State's Notice of Removal (Doc. # 1, ¶¶ 14-15), § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). In situations such as this where the action would be otherwise removable without the inclusion of a claim that has been made nonremovable by statute – such as § 1445(c) and state workers' compensation claims – courts must follow the procedures established in § 1441(c).

Fed. R. Civ. P. § 1441(c) states, in relevant part:

**(c) Joinder of Federal law claims and State law claims.--(1)** If a civil action includes--

> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

**(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

5

28 U.S.C. § 1441(c).  Here, because the entire action would be removable without the inclusion of the fifth cause of action arising under Missouri's workers' compensation laws, the entire action ***may be removed***.  28 U.S.C. § 1441(c)(1).  Then, once the action is removed, the district court must ***sever from the action*** all claims that have been made nonremovable by statute – i.e., Plaintiff Pendergrass's claim arising under Missouri's workers' compensation laws – and remand the nonremovable claim to state court.  *Id*. at §1441(c)(2); *see also Campbell v. Anytime Labor-Kansas, LLC*, 2016 WL 2743541, at *5 (W.D. Mo. May 11, 2016) (under § 1441(c), the district court must sever and remand non-removable claims for retaliation under Missouri's workers' compensation law to state court, and retain claims otherwise within its original or supplemental jurisdiction).

### III. Plaintiffs' Argument that *All* Claims Must Be Remanded to State Court Lacks Basis in Law.

In their Motion, Plaintiffs argue that their entire case should be remanded to state court because Pendergrass's individual claim arising under Missouri's workers' compensation laws is nonremovable under § 1445(c).  Plaintiffs cite *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995) for the proposition that, if § 1441(c) applies, the case is nonremovable "even if it presents a federal question or there is diversity." *Id*. at 1245.  Plaintiffs also cite *Wood v. Am. Residential Servs., L.L.C.*, 2011 WL 1660564 (E.D. Mo. May 3, 2011) for the same proposition, adding that "judicial economy warrants in favor of allowing the state court to deal with all of the claims together." *Id*. at *2-3 n.2.  However, both *Humphrey* and *Wood* were decided <u>before</u> § 1441(c) was amended and, as such, Plaintiffs' reliance on this prior interpretation of the statute in support of their argument is improper.

As many other courts have noted, the amended version of § 1441(c) does not require remand of federal question claims.  Indeed, shortly after the statute was amended, courts have

6

understood that "under the amendment, the Court has *no discretion* to remand federal claims that are joined with a statutorily nonremovable claim, such as a workers' compensation retaliation claim [under § 1445(c)]." *Bivins v. Glanz*, 2012 WL 3136115, at *2 (N.D. Okla. Aug. 1, 2012) (emphasis added); *Brown v. K-Mac Ent.*, 897 F. Supp. 2d 1098, 1102 (N.D. Okla. 2012) (quoting *Bivins*). Instead, district courts must sever and remand the nonremovable claim (such as a workers' compensation retaliation claim), retain jurisdiction over claims within the court's original jurisdiction (such as an FLSA claim), and exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy" as the federal law claims. *Id.*; *see also Genusa v. Asbestos Corp. Ltd.*, 18 F. Supp. 3d 773, 783 (M.D. La. 2014) (noting that under § 1441(c) district courts must sever claims made nonremovable by statute such as § 1445(c) and retain jurisdiction over claims within its original or supplemental jurisdiction).

Since the amendments, district courts in Missouri have also routinely held that § 1441(c) requires a district court to "sever and remand a non-removable claim to the state court from which the case originated," and also "retain claims otherwise within it[s] original or supplemental jurisdiction." *Campbell*, 2016 WL 2743541 at *5 (W.D. Mo. May 11, 2016); *see also Allen v. Cape Girardeau Operations, LLC*, 2015 WL 3823130, at *2 (E.D. Mo. Jun. 19, 2015) (recognizing that § 1441(c) permits removal of action, and subsequent severance and remand of nonremovable claim arising under workers' compensation laws, where action contains a federal question claim); *Olson v. Saint Luke's Hosp. of Kansas City*, 2012 WL 254124, at *2 (W.D. Mo. Jan. 27, 2012) (severing nonremovable state claims under § 1441(c) and retaining jurisdiction over federal claims).

Ignoring the amendments to § 1441(c), Plaintiffs' argument that federal question claims must be remanded if combined with a nonremovable claim is unsupported by Eighth Circuit

7

precedent.  Even before the amendments to § 1441(c), the Eighth Circuit has affirmatively held that "[w]here a party seeks to have remanded to state court a case that has been removed … a district court has ***no discretion*** to remand a claim that states a federal question."  *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002); *Cty. of St. Charles, Mo. v. Missouri Family Health Council*, 107 F.3d 682, 684 (8th Cir. 1997) (same).  Thus, although the court "may" remove all claims to federal court under § 1441(c) where nonremovable and federal question claims are joined, once a defendant *does* remove the action, the district court has no discretion to remand the federal question claims.  *See id.*; *Christiansen v. West Branch Community School Dist.*, 647 F.3d 927, 938-39 (8th Cir. 2012) (holding that, by including federal law claims in their complaint, plaintiffs subjected themselves to the possibility that defendants would remove the case to federal court).

**IV.     Plaintiffs are Not Entitled to Attorneys' Fees, Costs or Expenses Because Bi-State Had An Objectively Reasonable Basis for Removal.**

Plaintiffs are not entitled to any attorneys' fees, costs, or other expenses under § 1447(c).  The Supreme Court has held that "[a]bsent unusual circumstances, courts *may* award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, and as outlined above, Bi-State removed this case to federal court based on federal question jurisdiction.  The Eastern District of Missouri in *Woods* denied the plaintiff's request for attorneys' fees in similar circumstances where, as here, plaintiff filed an action in state court alleging a cause of action arising under Missouri's workers' compensation law and a cause of action under the FLSA, the defendant "did, in fact, have an objectively reasonable basis to remove this case to federal court" on the basis of federal quesiton jursidiction.  *Woods*, 2011 WL 1660564 at *2; *see also Detter v. Keybank N.A.*, 2016 WL 7242556, at *1-2 (W.D. Mo. Dec. 13, 2016) (denying

8

request for attorney's fees under § 1441(c) where district court had original jurisdiction over claim removed); *Moore v. Kansas City Public Schools*, 828 F.3d 687, 694 (8th Cir. 2016) (denying request for attorney's fees under § 1441(c) where case presented federal question under federal statute); *cf. Mid-America Freight Logistics, LLC v. Walters Trucking, Inc.*, 2017 WL 4778570, at *2 (E.D. Mo. Oct. 23, 2017) (finding removing party lacked objective basis for removal where "great weight of authority foreclosed defendant's argument" for removal).

Therefore, because Bi-State had an objectively reasonable basis to remove this action to federal court on the basis of federal question jurisdiction, the Court should deny Plaintiffs' request for attorneys' fees, costs and other expenses under § 1441(c).

## CONCLUSION

For the above-mentioned reasons, Defendant Bi-State Utilities respectfully requests that this Court deny Plaintiffs' Motion to Remand and deny Plaintiff's request for attorneys' fees, costs and other expenses under § 1441(c), and instead sever and remand only Plaintiff Pendergrass's fifth cause of action for retaliation arising under Missouri's workers' compensation laws, as outlined above.

Respectfully submitted,

STINSON LEONARD STREET LLP

By /s/ *Alexis M. Gabrielson*
  Johnny S. Wang, #57748
  Alexis M. Gabrielson, #70618
  7700 Forsyth Blvd., Suite 1100
  St. Louis, Missouri 63105
  (314) 863-0800 telephone
  (314) 863-9388 facsimile
  johnny.wang@stinson.com
  alexis.gabrielson@stinson.com

  *Attorneys for Defendant*

<u>Certificate of Service</u>

      I certify that on July 17, 2018, the foregoing was filed with the Court's ECF system, and that a copy of this document was sent by email and U.S. Mail to the following:

S. Cody Reinberg
9666 Olive Blvd., Suite 202A
St. Louis, Missouri 63132
314-391-9557
creinberg@hkm.com

*Attorneys for Plaintiffs*

                                                                   /s/ *Alexis M. Gabrielson*
                                                                    *Attorneys for Defendant*