UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT PENDERGRASS, )
ERIC KOECHLING, and )
JAMES PATTON, )
                                     )
  Plaintiffs, )
                                     )     Case No. 4:18-CV-01092-NCC
v. )
                                     )
BI-STATE UTILITIES CO., )
                                     )
  Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Bi-State Utilities Co.'s ("Bi-State") Motion to Dismiss Plaintiffs' Complaint.[1] (Doc. 12.) For the following reasons, Defendant's Motion to Dismiss as to Plaintiff's Fifth Cause of Action ("Count V") (Doc. 12) will be **DENIED, as moot.**[2] Defendant's Motion to Dismiss the remaining claims, Counts I through IV (Doc. 12), will be **DENIED.**

### I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted."

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 11.)

[2] After the Motion to Dismiss was filed, the parties jointly stipulated to sever and remand Count V, as the Court lacked subject-matter jurisdiction over that claim. (Doc 15.) Accordingly, the Court entered a Partial Order of Remand on August 7, 2018, severing and remanding Plaintiff Robert Pendergrass' claim for Workers' Compensation Retaliation under Mo. Rev. Stat. § 287.780 (Count V) to the Circuit Court of Saint Louis County, Missouri. (Doc. 19.)

To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (citation omitted). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must "draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005).

## II. Background

Defendant is a contractor providing sewer and water main construction and emergency repair in the St. Louis area and Midwest. (Doc. 1-1 ¶ 1.) Plaintiffs were formerly employed by Defendant as non-exempt Foremen who received hourly pay. (*Id.*) Plaintiffs allege that they were required to perform a variety of tasks before and after their regular hours and, as a result, routinely worked over forty hours. (*Id.* ¶ 1, 29, 37, 42.) They allege that they were not paid for their pre- and post-shift work. (*Id.*)

Plaintiffs filed suit on May 22, 2018, in the Circuit Court of the County of St. Louis, Missouri, to recover unpaid overtime wages.  (*Id.* ¶ 2.)  Plaintiffs are seeking to recover under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") (Count I), the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 *et seq*. ("MMWL") (Count II), and Missouri common law quantum meruit (Count III) and unjust enrichment (Count IV).[3]  (*See generally id.*)

Defendant removed the case to this Court on July 5, 2018, pursuant to 28 U.S.C. § 1441. (Doc. 1 ¶ 2.)  Defendant asserts that this Court has original jurisdiction over the federal FLSA claims under 28 U.S.C. § 1331 and § 1441(a).  (*Id.* ¶¶ 1, 11-12.)  Plaintiff asserts this Court has supplemental jurisdiction over the MMWL and Missouri common law quantum meruit and unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) and § 1441(a) (*Id.* ¶¶ 1, 13.)

On July 20, 2018, Defendant filed a Motion to Dismiss Plaintiffs' Complaint in its entirety.[4]  (Doc. 12.)  Defendant asserts in its memorandum in support of its motion that the terms and conditions of Plaintiffs' employment, as union members, were governed by a collective bargaining agreement.  (Doc. 13 at 1, 3.)  Defendant filed a declaration in support of its motion to dismiss, attaching the governing collective bargaining agreement (collectively "CBA") for the relevant time periods of Plaintiffs' employment.  (Doc. 14.)  That CBA, Defendant asserts, contains provisions governing or relating to, among other things, wage rates, compensable work, overtime pay, and pre- and post-shift activities.  (Doc. 13 at 4-5.)  Defendant asserts the CBA also included a grievance procedure and arbitration provision for disputes

---

[3] As noted above, Plaintiffs' Complaint included a fifth count relating to Plaintiff Robert Pendergrass' claim for Workers' Compensation Retaliation, but that count has been severed and remanded.  *See supra* n.2.

[4] Defendant's memorandum in support of its motion to dismiss (Doc. 13) and Plaintiffs' response in opposition (Doc. 16) included arguments relating to Count V.  Those arguments will not be addressed, as the Partial Order of Remand (Doc. 19) renders them moot.

regarding "wages, hours, or conditions of employment or the enforcement or interpretation." (*Id.* at 5-6.) Thus, Defendant argues, all claims must be dismissed based on the language in the governing CBA. In particular, Defendant argues the FLSA claims (Count I) should be dismissed because Plaintiffs failed to exhaust the required grievance procedures outlined in the CBA. (Doc. 12 at 1.) Plaintiffs' MMWL (Count II), quantum meruit (Count III), and unjust enrichment (Count IV) claims also should be dismissed because, Defendant argues, they are dependent upon an interpretation of the governing CBA and are, therefore, preempted under § 301 of the Labor Management Relations Act ("LMRA"). (Doc. 12 at 1-2.) Plaintiffs respond by arguing that the claims under Counts I through IV are entirely independent of the CBA and do not require any interpretation of the CBA to proceed to relief. (Doc. 16.)

### III. Analysis

As a preliminary matter, the Court must determine whether documents attached as exhibits to Defendant's memorandum in support of its motion may be properly considered in resolving this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion to dismiss, courts must generally ignore materials outside the pleadings, *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999), but may consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.,* 652 F.3d 971, 976 (8th Cir. 2011) (quoted case omitted). "Matters outside the pleadings" include any written evidence "in support of or in opposition to the pleading that provide[s] some substantiation for and does not merely reiterate what is said in the pleadings." *McAuley v. Federal Ins. Co.,* 500 F.3d 784, 787 (8th Cir. 2007) (quoted case omitted).

The Court finds that the CBA attached to the declaration Defendant submitted in support

of its motion to dismiss is a "matter outside the pleading," as Defendant concedes. (*See* Doc. 13 at 6-7.) It is written evidence in opposition to Plaintiffs' pleading that does not merely reiterate what is said in the pleadings.

Defendant asserts, without argument or elaboration, that the "CBA is necessarily embraced by the Complaint, and, as such, the court may properly consider it without converting the motion to dismiss into a motion for summary judgment." (Doc. 13 at 7.) After making that statement, Defendant cites to *Local 38N Graphic Commc'ns Conference/IBT v. St. Louis Post Dispatch, LLC*, No. 4:09CV438-DJS, 2010 WL 2544942, at *1 (E.D. Mo. June 18, 2010), *aff'd sub nom. Local 38N Graphic Commc'ns Conference/IBT v. St. Louis Post-Dispatch, LLC*, 638 F.3d 824 (8th Cir. 2011). While Defendant is correct in noting the court held the CBA in that case was "necessarily embraced" by the complaint, the plaintiff in that case specifically alleged in its complaint that the parties were subject to CBAs and went the further step of naming the CBAs in the complaint. *Id.*

In this case, Plaintiffs' Complaint neither mentions the CBA nor includes any allegations that could be reasonably construed to be referencing the CBA. Defendant seems to concede as much in its memorandum in support of its motion, stating "Plaintiffs failed to acknowledge that throughout their employment with Bi-State, Plaintiffs were subject to a collective bargaining agreement ("CBA")." (Doc. 13 at 1.) And Plaintiffs' argument opposing the motion to dismiss rests entirely on the presumption that the claims are independent of the CBA and require no interpretation of the CBA, which is consistent with the how they pled in their Complaint. The Court, therefore, finds that the CBA is not "embraced by the pleadings."[5]

---

[5] The fact that Defendant seeks dismissal of Count II through IV on the basis of preemption does not change this result. Defendant is arguing defensive preemption in support of a motion to dismiss, as opposed to complete preemption raised in a motion for remand. *See*, *e.g.*, *Spiger v.*

-5-

The Court nonetheless finds that it can address at least some of Defendant's arguments while excluding the CBA from its analysis.

   A.     **FLSA Exhaustion of Grievance/Arbitration Procedures.**

Defendant argues Plaintiffs' FLSA claims (Count I) should be dismissed because Plaintiffs failed to exhaust the required grievance and arbitration procedures outlined in the CBA. (Doc. 12 at 1.) Without analyzing the CBA Defendant presented with its Motion, even assuming for purposes of argument only that there was a valid agreement containing grievance and arbitration provisions, and even assuming that those provisions were sufficiently broad enough to encompass a statutory claim under the FLSA, Plaintiffs would still be able to bring suit for their FLSA claims.

The Supreme Court has been clear: Even if Plaintiffs were to unsuccessfully submit a wage claim based on the same underlying facts under any grievance or arbitration procedures pursuant to the provisions of a CBA, they would still be able to file suit under the FLSA. Unlike some other federal statutory schemes, the FLSA does not include a provision specifically

---

*United Parcel Servs., Inc.*, No. 4:15-CV-04110-KES, 2015 WL 9478237, at *4 (D.S.D. Dec. 29, 2015) (noting the difference). While the parties did not raise this argument, two wage cases cited by the parties lend some guidance on addressing matters outside the pleading in such instances. *Compare Hewitt v. Gerber Prod. Co.*, No. 2:12-CV-02152, 2012 WL 5410753, at *3 (W.D. Ark. Nov. 6, 2012) (relying on CBA, not mentioned in plaintiff's complaint, in ruling on motion to remand when only state law wage claims were pled and case was removed pursuant 28 U.S.C. § 1331 because courts must look beyond the complaint when assessing jurisdictional issues on a motion to remand) *with Collins v. Veolia ES Indus. Servs., Inc.*, No. 4:15-CV-00743-AGF, 2015 WL 8663994, at *3 (E.D. Mo. Dec. 14, 2015) (analyzing as a threshold matter whether CBA, not mentioned in complaint, was "matter outside the pleading" when plaintiff pled both FLSA and state law wage claims and court exercised supplemental, as opposed to original, jurisdiction under 28 U.S.C. § 1337 over state law claims).

requiring exhaustion of remedies, such as arbitration under a collective bargaining agreement, before proceeding with an FLSA suit. *See Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) (under the FLSA, "'No exhaustion requirement or other procedural barriers are set up, and no other forum for enforcement of statutory rights is referred to or created by the statute.'") (quoting 29 U.S.C. § 216(b)). The right to overtime under the FLSA is nonwaivable, and FLSA rights take precedence over conflicting provisions in a CBA. *Id.* (citations omitted). Thus, since FLSA rights are "independent of the collective-bargaining process . . . not waivable . . . and best protected in a judicial rather than arbitral forum . . . [a plaintiff's] claim is not barred by the prior submission of their grievances to the contractual dispute-resolution procedures." *Id.* at 745. Defendant has not pointed to binding law requiring Plaintiff to exhaust a grievance or arbitration procedure before filing suit in the FLSA context or face dismissal.

This does not mean parties can, in no instance, be required to arbitrate. Some courts, when faced with a motion to compel arbitration, have analyzed CBAs to determine whether to compel arbitration and possibly stay the proceedings. And even in those cases, arbitration is only compelled under specific circumstances requiring analysis of the CBA, which the Court declines to do here. The Court will address Defendant's Motion to Dismiss. Here, Defendant asserts it "is not arguing here that Plaintiffs have completely waived their FLSA rights." (Doc. 20 at 5.) Functionally, however, Defendant is. Defendant merely seeks to dismiss without compelling arbitration or asking to stay the proceedings. Even if the Court were to dismiss the FLSA claims, there may be no avenue for relief for Plaintiffs. Plaintiffs are no longer Defendant's employees. The time for arbitration may have lapsed. Defendant could later raise other defenses. In sum, if the Court were to dismiss Plaintiffs' claims as Defendant requests, Plaintiffs very may well have no functional relief at all under the FLSA, constructively waiving

their FLSA rights. This result seems contrary to *Barrentine*.

Thus, under the circumstances and procedural posture of this case and based on the allegations in the Complaint, there is no need to analyze the specific CBA in this case to conclude that Plaintiffs may proceed with their FLSA claims at this point in time.[6]

**B. Preemption of State Law MMWL, Quantum Meruit, and Unjust Enrichment Claims.**

Defendant does not argue Plaintiffs failed to exhaust grievance or arbitration procedures relating to the state law claims (Counts II, III, and IV). Instead, Defendant argues those state law claims are dependent upon an interpretation of the governing CBA and are, therefore, preempted under § 301 of the Labor Management Relations Act ("LMRA").

When analyzing such preemption arguments in the FLSA context, including in the cases cited by both parties, the courts conduct a case-specific analysis, often referencing the language of the relevant CBA in their analysis. Defendant's arguments for the dismissal of Counts II, III, and IV rest entirely on the contents of the collective bargaining agreement. This Court, therefore, cannot rule on the motion to dismiss without referencing the CBA. The Court declines to conduct that analysis at this procedural posture, as the CBA is a matter outside the pleading.

Since Defendant's arguments rest entirely on a matter outside the pleading, Defendant fails to meet its burden to establish that the Complaint does not "contain sufficient factual matter,

---

[6] Defendant's argument is two-fold: (1) in order to determine whether it violated the FLSA by not paying overtime for time spent engaged in pre- and post-shift activities, interpretation of the CBA is required, and (2) the CBA provides that any complaint involving the interpretation of the provisions must go through the grievance process, culminating in arbitration, but Plaintiffs failed to exhaust these grievance procedures, so Plaintiffs' FLSA claims must be dismissed. (Doc. 13 at 9.) The Court can only generally address whether exhaustion is required based on the allegations in Plaintiffs' complaint since Defendant's arguments would require the Court to look outside of the pleadings. Defendant is not precluded from raising arguments requiring interpretation of the CBA's provisions regarding pre- and post-activities in a properly submitted motion for summary judgment for the Court's consideration.

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Defendant moved solely to dismiss and did not move alternatively for summary judgment. The Court does not find it appropriate, therefore, to convert Defendant's motion to dismiss to a motion for summary judgment and immediately rule on it in this Order, as the parties do not have sufficient notice or opportunity to present pertinent material. *See* Fed. R. Civ. P. 12(d).

### IV. Conclusion

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 12) is **DENIED,** as to Counts I, II, III, and IV, with each party to bear their or its own costs.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 12) is **DENIED, as moot,** as to Count V, as Count V has been severed and remanded by Order of this Court (Doc. 19).

Dated this 15th day of October, 2018.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE