UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ROBERT PENDERGRASS, ERIC KOECHLING, and JAMES PATTON,<br><br>Plaintiffs,<br><br>v.<br><br>BI-STATE UTILITIES CO.,<br><br>Defendant. | Case No. 4:18-cv-01092 |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

COMES NOW Plaintiffs Robert Pendergrass, Eric Koechling and James Patton ("Plaintiffs") and Defendant Bi-State Utilities Co. ("Defendant"), and state as follows for their Joint Motion for Approval of Settlement and Entry of Order of Dismissal:

1. Plaintiffs filed this action against Defendant alleging that Defendant violated the Fair Labor Standards Act ("FLSA") (29 U.S.C. §201 *et. seq.*), Missouri wage and hour laws and state common law by purportedly failing to pay Plaintiffs for all time worked.

2. Defendant denies that it owes any overtime or other wages or damages to Plaintiffs and denies that it has violated any federal or Missouri law, rule or regulation, and maintains that it has at all times properly compensated the Plaintiffs.

3. A bona fide dispute exists between Defendant and Plaintiffs as to the amount, if any, of unpaid wages or overtime owing to Plaintiffs.

4. Plaintiffs have had an opportunity to confer with their Counsel regarding their claims, Defendant's defenses, the strengths, weaknesses, and risks of each.

5. Plaintiffs have each entered a separate confidential settlement agreement, copies of which are attached hereto as **Exhibit A** (the "Settlement Agreements").

6. Plaintiffs and Defendant have agreed to fully and finally settle and resolve this dispute and any and all claims that they may have asserted in this lawsuit, subject to the Court's approval.

7. Defendant and Plaintiff Robert Pendergrass each believe that their settlement is a fair and reasonable resolution of the claims asserted.

8. Defendant and Plaintiff Eric Koechling each believe that their settlement is a fair and reasonable resolution of the claims asserted.

9. Defendant and Plaintiff James Patton each believe that their settlement is a fair and reasonable resolution of the claims asserted.

10. Court approval of a private settlement has been held necessary to effectuate a valid and enforceable release of FLSA claims. *See, e.g., Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697 (1945).[1]

11. Where, as here, the litigation arises from a private enforcement action under Section 216(b) of the FLSA, the standard for approval is straightforward: a district court should approve a fair and reasonable settlement if it was reached as a result of contested litigation to resolve a *bona fide* dispute between the parties, and it contains an award of reasonable attorneys' fees. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (citing

---

[1] *But see King v. Raineri Const., LLC*, No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015) (The Court first notes that the law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class.") (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 257 (5th Cir.2012) (enforcing private settlement agreement entered into without judicial consent where plaintiff were represented by counsel and the court determined a bona fide dispute had existed when the settlement was entered)).

*Brooklyn Savings Bank*, 324 U.S. 697); *Hill v. World Wide Tech. Holding Co., Inc.,* No. 4:11CV02108-AGF, 2012 WL 5285927, *1 (E.D. Mo. Oct. 25, 2012); *Stewart v. USA Tank Sales & Erection Co., Inc.*, No. 12-05136-CV-SW-DGK, 2014 WL 836212, *1 (W.D. Mo. Mar. 4, 2014); *Jones v. Synergies3 TEC Services, LLC,* No. 4:18-cv-01161-JAR, 2018 WL 6727061, *2 (E.D. Mo. Dec. 21, 2018).

12. The proposed settlements meet this standard, as they are the product of a *bona fide* dispute, are fair and reasonable, and provide for fair and reasonable awards of wages, liquidated damages, and payment of attorneys' fees that are in line with fee awards in this district and the Eighth Circuit.

13. Based on all of the foregoing, the Parties respectfully seek entry of an Order approving the terms of the Settlement Agreements attached hereto as Exhibit A. A copy of the Proposed Order approving the terms of the Settlement Agreement is attached hereto as **Exhibit B**.

14. After the Court approves the terms of the Settlement Agreements, the Parties shall fulfil the terms of the Settlement Agreements and thereafter file with the Court a Joint Stipulation for Dismissal and Proposed Order seeking dismissal of this matter with prejudice.

//
//
//
//
//
//
//

|  |  |
|---|---|
|  | **STINSON LLP** |
| Dated: July 19, 2019 | */s/ Alexis M. Gabrielson* |
|  | Johnny S. Wang, #57748 |
|  | Alexis M. Gabrielson, #70618 |
|  | 7700 Forsyth Blvd., Suite 1100 |
|  | St. Louis, Missouri 63105 |
|  | T: +1.314.863.0800 |
|  | F: +1.314.863.9388 |
|  | johnny.wang@stinson.com |
|  | alexis.gabrielson@stinson.com |
|  | **ATTORNEYS FOR DEFENDANT** |
| Dated: July 19, 2019 | */s/ S. Cody Reinberg* |
|  | S. Cody Reinberg #66172 |
|  | HKM Employment Attorneys LLP |
|  | 9666 Olive Blvd., Suite 202A |
|  | St. Louis, MO 63132 |
|  | creinberg@hkm.com |
|  | **ATTORNEY FOR PLAINTIFFS** |