# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT PENDERGRASS, ERIC KOECHLING, and JAMES PATTON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:18-CV-01092-NCC |
| BI-STATE UTILITIES CO., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement (Doc. 37). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 11). For the following reasons, the Court **GRANTS** the parties' Joint Motion for Approval of Settlement.

## I. BACKGROUND

On May 17, 2018, Plaintiffs Robert Pendergrass, Eric Koechling, and James Patton ("Plaintiffs") filed this suit against Defendant Bi-State Utilities Co. ("Defendant") for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Missouri wage and hour laws, Mo. Rev. Stat. § 290.505, *et seq.*, (Counts I and II), for Quantum Meruit (Count III), for Unjust Enrichment (Count IV), and for Workers' Compensation Retaliation (Count V) in the Circuit Court of Saint Louis County, Missouri (Doc. 3). Counts I-IV are raised by all Plaintiffs against Bi-State and Count V, the Workers' Compensation claim, is brought by Plaintiff Robert Pendergrass alone against Bi-State (*Id.*). On July 5, 2018, Bi-State timely removed the case to this Court based on federal question jurisdiction (Doc. 1). On August 8, 2018, on the

parties' stipulation, the Court severed Count V and remanded the claim to the Circuit Court of Saint Louis, County Missouri (Doc. 19). On October 15, 2018, the Court denied Defendant's Motion to dismiss Plaintiffs' Complaint and, on November 5, 2018, Defendant answered the Complaint denying all allegations in the complaint (Docs. 12, 24). A Rule 16 Conference was held on November 6, 2018, and a case management order was issued that same day (Docs. 25, 26). Per the Case Management Order, this case was referred to alternative dispute resolution on May 13, 2019, and the parties settled the action at their conference (Docs. 30, 35). On July 19, 2019, the parties filed a Joint Motion for Approval of Settlement (Doc. 37) and copies of the settlement agreements (Doc. 37-1).

## II. DISCUSSION

"[T]he law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *Boland v. Baue Funeral Home Co.*, No. 4:15-CV-00469 RLW, 2015 WL 7300507, at *1 (E.D. Mo. Nov. 18, 2015) (internal quotation marks omitted). *See, e.g., King v. Raineri Const.*, LLC, No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015) (collecting cases). Nonetheless, because declining to review the proposed settlement agreement would leave the parties in an uncertain position, the Court will review the settlement's FLSA-related terms for fairness. *See King*, 2015 WL 631253, at *2. "A district court may only approve a settlement agreement in a case brought under § 2l6(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Williams v. BPV Mkt. Place Investors, L.L.C.*, No. 4:14-CV-1047 CAS, 2014 WL 5017934, at *1 (E.D. Mo. Oct. 7, 2014). Among the factors the court may consider in evaluating the settlement's fairness are "the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery." *Id.*

The Court must also assess the reasonableness of the plaintiffs' attorney's fees. *Id.* at *2. "Attorney's fees in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients." *Collins v. Veolia ES Indus. Servs., Inc.*, No. 4:15-CV-00743-AGF, 2016 WL 1275598, at *2 (E.D. Mo. Apr. 1, 2016). "In a private FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees." *Id.* (citation omitted); *see also Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) ("In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys' fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.").

Considering the totality of the circumstances, the Court finds the parties' proposed settlements to be fair and reasonable to all parties. The Court finds no evidence of overreaching on the part of Defendant based upon the amount of the settlement proceeds provided to the Plaintiffs. The settlements are products of arm's length negotiations and all parties involved have been represented by experienced counsel throughout the litigation. *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009) ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable."). Additionally, the parties agreed to the settlements only after completion of significant discovery. Indeed, the settlements were reached just after the close of discovery. *See Risch v. Natoli Engineering Co., LLC*, No. 4:11-CV-1621 AGF, 2012 WL 4357953, at *3 (E.D. Mo. Sept. 24, 2012) (the settlement agreement occurred after the parties engaged in "extensive fact discovery, exchanging and reviewing significant numbers of documents . . . all documents necessary to evaluate the class claims and damages."). The Court also finds the amount of attorney's fees in the proposed FLSA settlements to be reasonable as the amount of attorney's fees are less than 50% of

the final settlement amounts for each plaintiff. Finally, the parties seek leave to file a Joint Stipulation for Dismissal after the parties fulfil the terms of the Settlement Agreements (Doc. 37 at 3). The Court is mindful of the parties' intent but will not indefinitely stay the resolution of this action. Therefore, the Court will afford the parties sixty days to file their Joint Stipulation for Dismissal with the Court.

The Court reiterates that it has reviewed and approved only the material terms of the proposed settlement as they relate to the FLSA claims. "No opinion is necessary as to the enforceability of [other] terms and none is given. The Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." *King*, 2015 WL 631253, at *4.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion for Approval of Settlement (Doc. 37) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Stipulation for Dismissal within sixty (60) days of the date of this Order.

Dated this 2nd day of August, 2019.

/s/ Noelle C. Collins  
NOELLE C. COLLINS  
UNITED STATES MAGISTRATE JUDGE